**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

THEODORE C. KARIOTIS,
Plaintiff-Appellant,

v.

PARRIS N. GLENDENING, as Governor
of the State of Maryland, in his
official capacity; DONALD N.
LANGENBERG, as Chancellor of the
University System of Maryland, in
his official capacity; ROBERT E.
MYERS, as interim President of the
University of Maryland University
College, in his official capacity; T.

BENJAMIN MASSEY, former President
of the University of Maryland
University College, in his personal
capacity; PAUL HAMLIN, former
Dean of the University of Maryland
University College, in his personal
capacity,
Defendants-Appellees.

AMERICAN CIVIL LIBERTIES UNION OF
THE NATIONAL CAPITAL AREA;
AMERICAN CIVIL LIBERTIES UNION OF
MARYLAND, INC.,
Amici Curiae.

No. 00-1398

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CA-1982-WMN)

Submitted: August 18, 2000

Decided: September 6, 2000

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Theodore C. Kariotis, Appellant Pro Se. Sally Lotz Swann, Assistant General Counsel, Baltimore, Maryland, for Appellees. Dwight Hall Sullivan, AMERICAN CIVIL LIBERTIES UNION OF MARY-LAND, Baltimore, Maryland; Arthur B. Spitzer, AMERICAN CIVIL LIBERTIES UNION, Washington, D.C., for Amici Curiae.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Theodore C. Kariotis appeals from the district court's order dismissing his 42 U.S.C.A. § 1983 (West Supp. 2000) complaint in which he alleged that his position as Director of Economics at the University of Maryland University College was eliminated due to his vocal and public opposition to the college's announced plan to eliminate all full-time faculty and to employ only adjunct faculty members. The district court determined that Kariotis' speech was in his personal interest as an employee, rather than as a citizen on a matter of public concern, and therefore concluded that the speech was not protected under the First Amendment. See Pickering v. Board of Educ., 391 U.S. 563, 568 (1968) (announcing balancing test). Accepting the factual allegations in the complaint as true and affording Kariotis the benefit of all reasonable inferences that can be drawn from those allegations, see Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.

2

1993), we find no support in the record for the conclusion that Kariotis' position--or that of any other academic director--would have been affected by the plan to eliminate all full-time faculty in favor of adjunct professors. Therefore, we conclude that the district court erred in determining, at this stage of the record's development, that Kariotis' speech involved a matter of personal, rather than public, concern. Accordingly we vacate the district court's order dismissing the complaint and remand for further proceedings.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED
_____

*In remanding this case, we express no opinion as to whether or not the speech at issue was protected speech. We conclude only that, on this record, such a determination was premature.

3